IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01607-BNB

LA'RON MARSHALL,

    Plaintiff,

v.

ANTHONY OSAGIE,
R. CAMACHO,
C. WILSON,
FETTERHOFF,
D. ALLRED,
JAMES PELTON,
FRANK CORDOVA,
KELLER,
CLOUGH,
MCMAN,
R. HUDDLESTON,
P. KLEIN,
D. HALL,
DAVID BERKEBILE,
HENRY JAMES,
PAUL HARVEY,
LISA GREGORY,
PAUL LAIRD,
NEWTON E. KENDIG,
HARRELL WATTS,
CHARLES E. SAMUELS, and
FBOP,

    Defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, La'Ron Marshall, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has submitted *pro se* a Prisoner Complaint (ECF

No. 1), and has been granted leave to proceed pursuant to 28 U.S.C. § 1915. On June 19, 2013, Mr. Marshall filed an emergency motion for a temporary restraining order (ECF No. 4).

The Court must construe liberally the June 19 motion for a preliminary injunction because Mr. Marshall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Marshall is seeking a mandatory preliminary injunction that

seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Marshall alleges that he needs medical treatment by a urologist for blood in his urine and pain in his testicles and kidney area, an ophthalmologist for eye itching and vision issues, and a dermatologist for skin rashes.  He alleges that he has experienced urology issues since March 2012, eye issues since February 2012, and skin rashes since December 2011.  The allegations in the motion for preliminary injunction are related to the allegations in the complaint Mr. Marshall filed.

Mr. Marshall's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for a preliminary injunction will be denied.

Accordingly, it is

ORDERED that the emergency motion for a preliminary injunction (ECF No. 5) that Plaintiff, La'Ron Marshall, filed on June 19, 2013, is denied.

DATED at Denver, Colorado, this  24th  day of    June        , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court