IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01607-BNB

LA'RON MARSHALL,

    Plaintiff,

v.

ANTHONY OSAGIE,
R. CAMACHO,
C. WILSON,
FETTERHOFF,
D. ALLRED,
JAMES PELTON,
FRANK CORDOVA,
KELLER,
CLOUGH,
MCMAN,
R. HUDDLESTON,
P. KLEIN,
D. HALL,
DAVID BERKEBILE,
HENRY JAMES,
PAUL HARVEY,
LISA GREGORY,
PAUL LAIRD,
NEWTON E. KENDIG,
HARRELL WATTS,
CHARLES E. SAMUELS, and
FBOP,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, La'Ron Marshall, is a prisoner in the custody of the Federal Bureau of

Prisons who currently is incarcerated at the United States Penitentiary, Administrative

Maximum, in Florence, Colorado. He has submitted *pro se* a Prisoner Complaint (ECF

No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. He asks for money damages and injunctive relief.

The Court must construe liberally the Prisoner Complaint because Mr. Marshall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Marshall will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Marshall is suing an improper party. He may not sue the BOP in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Marshall must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Marshall appears to be suing grievance officers whose only involvement in the alleged constitutional violations was to deny a grievance. Such allegations are not sufficient to hold a defendant liable under *Bivens*. The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation in the alleged constitutional violations. *See Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010), citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009).

Mr. Marshall may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Marshall uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Marshall files must comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Marshall's complaint is verbose, redundant, disorganized, and vague.  He asserts two claims for relief concerning his alleged lack of appropriate medical treatment by a urologist for blood in his urine and pain in his testicles and kidney area, an ophthalmologist for eye itching and vision issues, and a dermatologist for skin rashes.  He alleges he has experienced these medical issues since December 2011, although in the related motion for a preliminary injunction he alleged he has experienced urology issues since March 2012, eye issues since February 2012, and skin rashes since December 2011.  In order to state a claim in federal court, Mr. Marshall "must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Marshall will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Marshall will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Mr. Marshall must provide the full address for each named defendant. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, La'Ron Marshall, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order.  It is

FURTHER ORDERED that Mr. Marshall shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Marshall fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED June 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge